U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

OCT 26 2007

ROBERT H. SHEMWELL, CLERK
BY _____
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTIONS<br>NO. CR02-10029, NO. CR04-10017 |
| VERSUS | |
| CODY FRANKLIN ELLERMAN | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 by Cody Franklin Ellerman ("Ellerman"). Ellerman is contesting his 2004 convictions and sentences, pursuant to guilty pleas entered in the United States District Court for the Western District of Louisana on two separate indictments, for one count of interstate transportation of firearms by a convicted felon and one count of escape by a prisoner in custody. Ellerman was sentenced to 262 months and 18 months, respectively, to run concurrently. Ellerman raises the following issues for review in his motion:

    1. Ellerman was denied the effective assistance of counsel when he requested his counsel to file an appeal and failed to do so.

    2. Ellerman's sentence is unconstitutional pursuant to a recent Supreme Court decision concerning the sentencing guidelines.

    3. Ellerman's sentence should be corrected since, after Ellerman was sentenced, the U.S. Supreme Court decided that making the guidelines mandatory violates a defendant's Sixth Amendment right to a jury trial.

4. Ellerman's sentence violates his plea agreement, since he pleaded guilty to fifteen years on the charge of possession of a firearm by a convicted felon but, because of his escape, the amount of points changed and the sentence was enhanced.

This motion is before the undersigned Magistrate Judge for review, report and recommendation.[1]

## Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

## Law and Analysis

### The Law of §2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United

---

[1] See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

2

States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. § 2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

In the case at bar, Ellerman did not appeal his conviction and sentence. Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion or waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral

review without showing both cause for his procedural default and actual prejudice resulting from the error. U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

Cause and Prejudice

A claim may not be reviewed under §2255 absent a showing of cause and prejudice or actual innocence. U.S. v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991). Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under §2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal. U.S. v. Shaid, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. U.S. v. Flores, 981 F.2d 231, 235-36 (5th Cir. 1993). "Cause" under the cause and prejudice standard must be something external to the petitioner, something that cannot be fairly attributed to him. McCowin v. Scott, 67 F.3d 100, 102 (5th Cir. 1995). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995). The cause and prejudice test, however, does not apply to claims of ineffective assistance of counsel which are ordinarily brought for the first time on collateral review. U.S. v. Gaudet, 81 F.3d 585, 589 n.5 (5th Cir. 1996), citing U.S.

4

v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). Also, U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Anderson v. Collins, 18 F.3d 1208, 1215 (5th Cir. 1994), and cases cited therein. Also, U.S. v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994).

In showing he was rendered ineffective assistance of counsel in regard to his sentence, Ellerman must additionally show that

there was a "reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh; relevant factors are the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances. U.S. v. Segler, 37 F.3d at 1136.

In the case at bar, Ellerman contends his court-appointed trial counsel failed to file appeals in his cases, although he requested appeals. The court will assume, for purposes of the cause and prejudice analysis, that the issues raised by Ellerman herein would have been raised on direct appeal, had one been filed.

Ellerman contends he wanted to appeal his sentences due to the invalidation of the sentencing guidelines. Ellerman is apparently referring to U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in which the Supreme Court held that the individual factors in the sentencing guidelines are subject to the Sixth Amendment jury trial requirements as held in Apprendi.[2]  Ellerman complains he was

---

[2] In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-2363 (2000), the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt. However, then the government seeks enhances penalties based on prior felony convictions under the Armed Career Criminal Act, Therefore, when a government seeks enhanced penalties based on the prior felony convictions amount of drugs under 21 U.S.C. §

sentenced under a mandatory Guidelines scheme based on facts not found by a jury or admitted by him, i.e., his three prior final felony convictions. However, prior convictions need not be treated as an element of the offense for Sixth Amendment purposes. James v. U.S., 127 S.Ct. 1586, 1600 n.8 (U.S. 2007), citing Almendarez-Torrez v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998). Therefore, even if Ellerman's trial counsel had filed an appeal on Ellerman's behalf, Ellerman would not have prevailed on this issue.

Next, Ellerman contends his sentences are unconstitutional pursuant to the Supreme Court's decision in U.S. v. Booker, as discussed above, which was decided subsequent to imposition of Ellerman's sentences. To the extent cause may be established by this subsequent decision, it is discussed below.

Ellerman argues his sentences are invalid because mandatory use of the sentencing guidelines was held to be unconstitutional in Booker. Ellerman contends his sentences must be invalid because they were calculated pursuant to the guidelines. However, a sentence imposed within a properly calculated United States Sentencing Guideline range is presumed to be a reasonable sentence.

---

841, drug quantity is an element of the offense that must be submitted to a jury under Apprendi. However, when a defendant's sentence does not exceed the statutory maximum authorized by the jury's findings, Apprendi does not affect the sentence. U.S. v. Garcia, 242 F.3d 593, 599 (5th Cir. 2001), citing U.S. v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), cert. den., 121 S.Ct. 1152 (U.S. 2001).

In <u>Rita v. U.S.</u>, 127 S.Ct. 2456, 2459 (U.S. 2007), the Supreme Court recently stated:

> "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3353(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical. Unless a party contests the Guidelines sentence generally under § 3553(a)-that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way-or argues for departure, the judge normally need say no more."

Ellerman also claims that one of the prior final felony offenses used to calculate his sentence enhancement was his escape conviction, which was not final prior to commission of the firearms offense for which he was given an enhanced sentenced. However, the record reflects that the three prior felony convictions used for his sentence enhancement did not include Ellerman's 2004 escape conviction, but instead were all prior felony drug trafficking offenses (Doc. Items 12, 40-Judge's Comments). Therefore, Ellerman could not have prevailed on this issue on appeal, either.

Finally, Ellerman contends his sentence violated his plea agreement because he "pleaded guilty to 15 years on the possession of a firearm by a convicted felon" charge. However, Ellerman's signed plea agreement on the possession of a firearm charge (Doc. Item 21) specifically states that Ellerman understood the applicable sentencing guideline range could not be determined until

8

completion of the pre-sentence investigation and that, if the Court found he had at least three prior final felony convictions for violent offenses or drug trafficking offenses, the possible penalty would increased to a minimum of fifteen years and a maximum of life imprisonment. Therefore, Ellerman's contention that his plea agreement was for a fifteen year sentence is unfounded.

Regardless of whether Ellerman's attorney erred in failing to file an appeal on Ellerman's behalf, Ellerman has not show he was prejudiced. Ellerman has not established ineffective assistance of counsel and, thus, has not shown cause and prejudice.

Actual Innocence Not Shown

If the petitioner cannot show cause and prejudice, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. U.S. v. Flores, 981 F.2d at 235-36. Also, McCleskey v. Zant, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991). A fundamental miscarriage of justice occurs only in a very narrow class of cases where a constitutional violation probably resulted in the conviction of an innocent person. McCleskey, 499 U.S. at 494, 111 S.Ct. at 1470.

In order to be actually innocent of a noncapital sentence, the

petitioner must show that but for the constitutional error he would not have been legally eligible for the sentence he received. Sones v. Hargett, 61 F.3d 410, 418 (5th Cir. 1995); Smith v. Collins, 977 F.2d 951, 959 (5th Cir. 1992), cert. den., 510 U.S. 829, 114 S.Ct. 97, 126 L.Ed.2d 64 (1993) (assuming the actual innocence exception is available in a noncapital sentencing case). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489, 1503 (1998), citing Schlup, 513 U.S. at 324, 115 S.Ct. at 865.

Ellerman has not adduced any new evidence to show that he was actually innocent of the sentences received. A claim of actual innocence must be based on reliable evidence not presented at trial. Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489, 1503 (1998), citing Schlup, 513 U.S. at 324, 115 S.Ct. at 865. Nor has Ellerman shown he was actually innocent of the sentences he received pursuant to the Supreme Court's holding in U.S. v. Booker, as discussed above. Therefore, Ellerman has not satisfied the requirements for actual innocence.

Since Ellerman has not shown cause and prejudice or actual innocence, his Section 2255 motion should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that

Ellerman's Section 2255 motion be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 25th day of October, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE